1
2
3
4
5
6
7
8                              NOT FOR CITATION

9                 IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   MANUEL HILL,                    )    No. C 07-00149 JF (PR)
                                      )
13                 Plaintiff,         )    ORDER GRANTING MOTION TO
                                      )    DISMISS
14     vs.                            )
                                      )
15                                    )
     JOE MCGRATH, et al.,             )
16                                    )
                   Defendants.        )    (Docket Nos. 13 & 22)
17   _____)

18

19        Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights

20   action pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officials.

21   Finding the complaint, liberally construed, stated cognizable claims, the Court ordered

22   service upon Defendants Warden Joe McGrath, Associate Warden Lethal Polk, Captain S.

23   Wheeler, Lieutenant J.A. McKinney, Lieutenant T.L. Nelson, and Lieutenant C. Patten at

24   PBSP.  Defendants filed a motion to dismiss (Docket No. 13) the complaint for failure to

25   exhaust administrative remedies before filing the suit.  42 U.S.C. § 1997e(a).  Plaintiff

26   filed an opposition to the motion, and Defendants filed a reply.

27   ///

28   ///

**DISCUSSION**

A.    Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement applies equally to prisoners held in private or government facilities.  See Roles v. Maddox, 439 F.3d 1016, 1017-18 (9th Cir. 2006).  Exhaustion is mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Id.  Even when the relief sought cannot be granted by the administrative process, *i.e.*, monetary damages, a prisoner must still exhaust administrative remedies.  Id. at 2382-83 (citing Booth, 532 U.S. at 734).

"The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion."  Id. at 2387.  Therefore, the PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Id.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 2386 (footnote omitted).  In other words, the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 2382. Furthermore, administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief.  See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor

1    balance resulting from a previous brain injury was not equivalent to, and therefore did not

2    exhaust administrative remedies for, claims of denial of mental health treatment in

3    violation of the ADA and Rehabilitation Act).

4         The State of California provides its inmates and parolees the right to appeal

5    administratively "any departmental decision, action, condition, or policy which they can

6    demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15,

7    § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging

8    misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available

9    administrative remedies within this system, a prisoner must proceed through several

10   levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate

11   appeal form, (3) second level appeal to the institution head or designee, and (4) third level

12   appeal to the Director of the California Department of Corrections and Rehabilitation. Id.

13   § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the

14   administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38. A

15   prisoner need not proceed further and also exhaust state judicial remedies. Jenkins v.

16   Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

17   B.    Legal Claims

18        Plaintiff alleged the following claims: (1) Defendants violated his Eighth

19   Amendment right to be free from cruel and unusual punishment by acting with deliberate

20   indifference to his safety "by [d]efamation and [s]lander," (Pet. 25); (2) Defendants

21   conspired against Plaintiff based on his race in violation of his right to equal protection

22   under the Fourteenth Amendment, (Id. at 26); and (3) Defendants violated Plaintiff's right

23   to due process under the Fourteenth Amendment in the disciplinary hearing process and

24   his continued placement in administrative segregation. (Id. at 27.)

25         Defendants argue that Plaintiff failed to administratively exhaust any of these

26   prison related claims before he filed the instant complaint on January 9, 2007, and

27   therefore this action should be dismissed for failure to exhaust administrative remedies in

28   accordance with 42 U.S.C. § 1997e(a). In his opposition, Plaintiff claims that he

1  exhausted the claim of deliberate indifference in Inmate Appeal No. 05-03069, but makes

2  no opposition to the failure to exhaust the other two claims.  He also contends that the

3  Declaration of N. Grannis, submitted by Defendants in support of their motion to dismiss,

4  should be disregarded because it does not satisfy the California Code of Civil Procedure §

5  2015.5.  (Pl.'s Oppo. at 7.)  This last contention is meritless and irrelevant since the

6  Federal Rules of Civil Procedure govern this § 1983 action, not the state code, and

7  furthermore, the Court finds no defect with the Grannis declaration.

8          The record shows that Plaintiff had the opportunity to use the grievance system

9  and in fact did exhaust his remedies but not with respect to the claims brought in this

10  action.  Defendants have provided the declarations of Christopher M. Young, Deputy

11  Attorney General representing defendants in this action, and N. Grannis, the Chief of the

12  Inmate Appeals Branch, sufficient to show that Plaintiff's inmate appeal nos. 04-01009,

13  05-00100 and 05-03069 were administratively exhausted through the prison appeals

14  process.  (Decl. N. Grannis, Ex. A.)  In appeal no. 04-01009, submitted on February 26,

15  2004, Plaintiff alleged that a Captain Williams, not a defendant in this action, ordered a

16  search of his cell which resulted in the discovery of a razor blade under a stool.  (Compl.

17  Ex. LL at 224; Decl. C. Young Ex. G at 60, 62.)  Plaintiff sought to be "exonerated" from

18  the resulting Rule Violation Report ("RVR") issued thereon and that Captain Williams be

19  reprimanded for "unprofessionalism [sic]." (Id.)  In appeal no. 05-00100,  submitted on

20  December 7, 2004,  Plaintiff challenged the classification committee's decision to assess

21  him to an indeterminate term in the Security Housing Unit, as decided at a November 24,

22  2004 hearing.  (Compl. Ex. QQ at 251; Decl. Young Ex. I at 71.)  Plaintiff claimed the

23  assessment was due to an improper consideration of his past disciplinary history going

24  back to the year 2002, and his appeal sought an investigation into allegedly false RVRs.

25  (Id.)  Lastly, in appeal no. 05-03069, submitted on November 9, 2005, Plaintiff sought to

26  be transferred from PBSP because he feared for his safety ever since he was charged with

27  conspiracy to murder a peace officer in July 2002.  (Compl. Ex. PPQ at 232-34; Decl.

28  Young Ex. L.)  Plaintiff claims this last inmate appeal raised the claim of deliberate

indifference and therefore he properly exhausted as to that claim.  Plaintiff is mistaken.
This grievance, even liberally construed, does not have the same subject and same request
for relief as Plaintiff's complaint as Plaintiff sought a transfer in his appeal while seeking
damages in the complaint.  See O'Guinn, 502 F.3d at 1062-63.

Plaintiff has presented no evidence that he properly exhausted any of his claims to
defeat Defendants' motion.  None of three inmate appeals discussed above, *i.e.*, nos. 04-
01009, 05-00100 and 05-03069, although related to incidences mentioned in the instant
complaint, contain the same subject and same request for relief as the claims presented in
the complaint.  Defendants mention other appeals filed by Plaintiff which were
administratively exhausted, *e.g.*, nos. 04-02537, 05-02880, and 05-03140, but these
appeals have no relation to any allegations in the complaint.  (Defs.'s Mot. at 6.)
Accordingly, the Court finds that Plaintiff failed to properly exhaust his administrative
remedies with respect to his claims against Defendants McGrath, Polk, Wheeler,
McKinney, Nelson, and Patten as presented in the instant complaint at the time of filing.
See Ngo, 126 S. Ct. at 2386.

Because Plaintiff failed to exhaust his administrative remedies with respect to his
prison claims, Defendants' motion to dismiss the complaint (Docket No. 13) is
GRANTED.  See 42 U.S.C. § 1997e(a).  This action is DISMISSED without prejudice to
Plaintiff refiling after all available administrative remedies have been properly exhausted.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss by Defendants Warden Joe
McGrath, Associate Warden Lethal Polk, Captain S. Wheeler, Lieutenant J.A. McKinney,
Lieutenant T.L. Nelson, and Lieutenant C. Patten for failure to exhaust administrative
remedies (Docket No. 13) is GRANTED.  The claims against them are **DISMISSED**
without prejudice.

///

///

1    The clerk shall terminate all pending motions, including Docket No.22, as moot.

2    IT IS SO ORDERED.

3

     DATED: _____8/8/08_____              _____

4                                                 JEREMY FOGEL
                                                  United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28